```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

| | |
|---|---|
| ARTHUR MANESS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:04CV01157 ERW |
| ) | |
| ST. FRANCOIS, COUNTY OF, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant Brockmiller Construction, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint [doc. #21] and Defendant Brockmiller Construction, Inc.'s Motion for an Extension of Time to Complete the Case Management Order [doc. #29].

### I. BACKGROUND

On August 27, 2004, Plaintiffs filed suit against Defendants St. Francois County and Daniel Bullock for damages resulting from the September 13, 2001 death of Patricia Marie Maness. Ms. Maness was an inmate at the St. Francois County Jail at or around the time of her death. On September 23, 2005, Plaintiffs filed an Amended Complaint. The Amended Complaint also named Brockmiller Construction, Inc. ("Brockmiller") as a Defendant.

### II. STANDARD OF REVIEW

This Court will "accept the allegations in the plaintiffs' complaints as true and will dismiss the cases only when it appears beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief." *In re General American Life Ins. Co. Sales Practices Litigation*, 391 F.3d 907, 911 (8th Cir. 2004). In considering a motion to dismiss, the Court

1

views the facts alleged in the light most favorable to the non-moving party. *Double D Spotting Serv., Inc. v. Supervalu, Inc.*, 136 F.3d 554, 556 (8th Cir. 1998).

### III. ANALYSIS

Defendant Brockmiller argues that Plaintiffs' Amended Complaint is time-barred by the relevant statute of limitations period. "The purpose of a statute of limitations is speedy and fair adjudication of the respective rights of the parties." *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006) (quoting *Minnesota v. Doese*, 501 N.W.2d 366, 370 (S.D. 1993). "Generally, a motion to dismiss may be granted when a claim is barred under a statute of limitations." *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (citing Fed.R.Civ.P. 12). "[T]he commencement of the limitations period may be determined as a matter of law if the facts are so clear that reasonable minds cannot differ." *In re General American Life Ins. Co. Sales Practices Litigation*, 391 F.3d at 912.

The State of Missouri has enacted a wrongful death statute ("Statute"). Mo. Rev. Stat. § 537.080; *see also Sullivan v. Carlisle*, 851 S.W.2d 510, 512 (Mo. 1993) ("Wrongful death is a statutory cause of action."). Section 537.080 delineates those persons that may sue pursuant to the Statute for the loss of the support and services of the decedent. Plaintiffs claim that the Amended Complaint is not brought pursuant to the Statute, but, instead, is based upon Missouri's strict liability statute. *See* Mo. Rev. Stat. § 537.760. Based on this claim, Plaintiffs argue that the Court should rely on the statute of limitations period for strict liability tort actions.[1]

---

[1] The statute of limitations period for strict liability in tort is five years. Mo. Rev. Stat. § 516.120(2).

Missouri courts have routinely held that there is no common law right to sue for wrongful death.[2] *Sullivan*, 851 S.W.2d at 516; *Powell v. Amer. Motors Corp.*, 834 S.W.2d 184, 186 (Mo. 1992); *Amer. Family Mut. Ins. Co. v. Ward*, 774 S.W.2d 135, 136 (Mo. 1989); *O'Grady v. Brown*, 654 S.W.2d 904, 907 (Mo. 1983); *State v. Peters*, 631 S.W.2d 938, 942 (Mo. Ct. App. 1982). The Statute "gives the right of action, and provides the remedy for death, where none existed at common law, and where an action is brought, under the statute, it can only be maintained subject to the limitation and conditions imposed thereby." *Peters*, 631 S.W.2d at 942. Specifically, the Statute "reserves to itself the exclusive power of naming those who could maintain the action, and of fixing the time in which each of the enumerated persons could sue." *Id*. (internal citations and quotations omitted).

Missouri has recognized a right to sue for strict liability in tort based on the Statute. *See, e.g., Engel v. Corrigan Co.-Mech. Contractors, Inc.*, 148 S.W.3d 28, 29 (Mo. Ct. App. 2004); *Siebern v. Mo.-Il. Tractor & Equip. Co.*, 711 S.W.2d 935, 937 (Mo. Ct. App. 1986); *Keener v. Dayton Electric Manufacturing Co.*, 445 S.W.2d 362, 365 (Mo. 1969). In Missouri, any "death resulting from any tortious act gives rise to a right of action for the wrongful death rather than for the personal tort." *Baysinger v. Hanser*, 199 S.W.2d 644, 647 (Mo. 1947). Therefore, because this case is a strict liability action that must be brought pursuant to the Statute, the Court finds that the right of action is for wrongful death, not the underlying tort of strict liability.

---

[2]The Court notes that the Missouri Statute does not always provide "the exclusive remedy in the face of another statute providing a remedy where death occurs in a special setting. Statutory remedies have been provided in a variety of narrowly defined circumstances where death occurs, such remedies existing side by side with general death laws, examples being death benefits under workers' compensation laws, statutes allowing for recovery against public carriers or governmental entities, and for scaffold and dram shop violations." *Stiffelman v. Abrams*, 655 S.W.2d 522, 532 (Mo. 1983) (holding that plaintiff was entitled to sue under the Omnibus Nursing Home Act).

Here, Plaintiffs filed their Amended Complaint naming Defendant Brockmiller on September 23, 2005. Both parties agree that the injury accrued on September 13, 2001, the date of Ms. Maness' death. When a suit is brought pursuant to the Statute, the statute of limitations period is three years. This suit was brought approximately four years after the injury accrued. Thus, Plaintiffs' Complaint was brought after the limitations period had expired and will be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Brockmiller Construction, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint [doc. #21] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Brockmiller Construction, Inc.'s Motion for an Extension of Time to Complete the Case Management Order [doc. #29] is **DENIED as Moot**. The hearing scheduled for March 2, 2006 is **VACATED**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of February, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE